EDWARD WHITEHORN ET AL., APPELLEES, v. T. C. CRANZ ET AL., APPELLEES, AND CHRISTIAN SPECHT, APPELLANT.

1. **Vendor and Vendee.** On the facts stated in the opinion, *Held*, That the appellant had no contract for the purchase of the real estate in controversy.

2. ———: NOTICE OF PRIOR SALE: ESTOPPEL. At the time of the attempted purchase the appellant had notice of the prior sale of the premises to a third party, and could acquire no title as against such party where the sale was *bona fide*.

3. ———: PRINCIPAL AND AGENT. A purchaser with notice is liable to the same equity and is bound to do that which the person he represents would have been required to do but for the conveyance.

APPEAL from the district court for Douglas county. Heard below before WAKELEY, J.

*O'Brien & O'Brien* and *Simeon Bloom*, for appellant Specht.

*George B. Lake* and *Edmund M. Bartlett*, for appellees.

MAXWELL, CH. J.

This is an action for specific performance originally brought by the plaintiffs against Harry C. Cranz, John S.

Wood, and C. E. Perkins to compel the specific execution of a contract for the sale to said plaintiffs of lots 6 and 7 in block 3 in that part of lot 5 in Capitol addition to Omaha known as Perkins' subdivision. The petition was filed June 18th, 1883. In August following Specht, the appellant, obtained leave of court to intervene, and filed an answer in the nature of a cross-petition, in which he claimed to have purchased said lots from Cranz on the 28th of February, 1882. The issues were made up, when on the 8th day of November, 1884, a stipulation was filed in said cause as follows:

" It is stipulated that the above cause be and the same is hereby dismissed, each party to pay one-half of the costs."

This was signed by the attorneys for the respective parties, and on the 8th of November following in pursuance of said stipulation the action was dismissed. On the 11th of the same month Specht filed a motion to reinstate the case on his own cross-petition, and the motion was sustained. In May, 1885, the cause came on for hearing on said cross-petition, and the evidence and the court found against the appellant and dismissed the cross-petition.

The appellant bases his right to recover upon the following communications:

" Exhibit one."

" OMAHA, NEB., Jan. 11, 1882.

" H. C. Cranz, 314 N. 2d St., St. Louis:

DEAR SIR—Do you want to sell your lots in Perkins' sub-division of lot five in Capitol addition to the city of Omaha? I think I can get you a fair price, say $1,500.00. My commission in case of sale would be the usual rate, five per cent on first thousand and two and one-half on balance. An early answer will oblige.

" Yours truly,

" JOHN L. McCAGUE.

" I sold E. P. Peck's lot some weeks ago."

He received in answer thereto the following:

"Exhibit two."

"St. Louis, Jan. 16, 1882.

"*J. L. McCague, Omaha, Neb.:*

Dear Sir—Yours of the 11th instant at hand. If you have an offer on my lot and can sell it so as to net me $1,500 you may do so, but I don't want a sign stuck up on the lot. If I can't get the amount I will hold it. The sale must be also a cash one.

"Yours truly.

"H. B. Cranz."

The testimony shows that John S. Wood, on the 30th of January, 1882, wrote to Cranz in relation to selling the lots in question, and received the following answer:

"Exhibit A."

"Office of the Diamond Match Co.,
"314 N. 2d St., St. Louis, Feb. 6, 1882.

"*Capt. Jno. S. Wood, Omaha, Neb.:*

"Dear Sir—Yours of the 30th of Jan. at hand. You may sell for $1,500 on one year's time, note bearing 10 per cent int., provided you will stand as security, otherwise, I shall want at least $500 in cash, a mortgage on lot for balance, and note bearing 10 per cent int. In either case, purchaser to pay all expenses of recording deed and mortgage as well as taxes for 1882.

"Mr. McCague says he can get $1,500, so please advise me, as soon as possible, so I will know what to do.

"Yours respectfully,

"H. C. Cranz.

"Do not offer for sale after March 1st. If not sold then, I will hold it myself."

To this letter Wood replied as follows:

"Omaha, Feb. 13th, 1882.

"*H. C. Cranz, Esq., St. Louis, Mo.:*

"Dear Sir—My friend has concluded to take the lots, so you can deed the lots to me, as I will then be safe. You

can send the deed to Captain Broach or to J. H. Millard, Omaha National Bank, with instructions, and I will send you a draft for $1,500. The purchaser is a Mr. Whitehorn, who belongs to the Glee Club. If you should require the amount in one or more drafts, or payable to different orders, please advise me.

"Respectfully, your ob't servant,

"JOHN WOOD."

In answer to the above letter Cranz sent the following:

"SAINT LOUIS, Feb'y 16th, 1882.

"*Captain John S. Wood, Omaha, Neb.:*

"DEAR SIR—Yours at hand. I think the best way to close the sale of the property will be as follows: Give me Mr. Whitehorn's initials, and I will then transfer or assign my contract over to him, and he can then retain enough to pay the balance due on same, and remit me the balance, or if he prefers, he can avail himself of the unexpired term it yet has to run. I will send the contract, properly assigned, to Capt. Broach, and Mr. Whitehorn can then settle with him.

"I hope you have realized something on the sale for yourself.

"Yours respectfully,

"H. C. CRANZ."

The record also contains the following receipt:

"Exhibit B."

"OMAHA, Neb., Feb. 9th, 1882.

"Received of E. Whitehorn and Fannie Whitehorn his wife, the sum of ($1,500) fifteen hundred dollars, for the payment of lots (6) six and seven (7) in block (3) three Perkins' sub-division of lot 5 in Capitol Addition to the city of Omaha. H. C. Cranz, by Jno. S. Wood."

The testimony shows that Cranz held the lots in question under a contract of purchase from C. E. Perkins and that a considerable amount was still due on the purchase

price of said lots, that W. J. Broatch was his agent at Omaha, and that Broatch in 1883 paid $450, the balance due on said lots. On the 20th of February, 1882, Cranz assigned his contract as follows :

"I, H. C. Cranz, the within named purchaser, for and in consideration of —— dollars, do hereby assign and transfer all my right, title, interest, and claim in and to the rea estate within described unto John S. Wood, his heirs and assigns forever. And I do hereby authorize W. J. Broatch to receive from him the said —— all unpaid balances due to said —— in part consideration for said land, and upon the final payment of all the purchase money, and a full compliance with all the requirements contained in the within agreement, to execute, or cause to be executed to him the said —— his heirs and assigns, a deed for said lands, instead of to me. Given under my hand and seal, this 20th day of February, A.D. 1882.

"H. C. CRANZ.    [SEAL.]

"State of Missouri,  } ss.
  "City of St. Louis. }

"Before me, a notary public in and for said city, this day personally came H. C. Cranz, who is known to me to be the identical person who is described in the within agreement, and who executed the foregoing assignment, and acknowledged that he signed, sealed, and delivered the same as his free and voluntary act and deed, for the use and purposes set forth. Given under my hand, this 20th day of February, A.D. 1882.

[NOTARIAL SEAL.]          "C. D. GREENE,
                            "Notary Public."

Of this sale Specht was advised at least as early as the 20th of February, 1882. On the 28th of that month McCague gave Specht the following receipt:

"$100.00.    Omaha, February 28th, 1882.    Received of Christian Specht, one hundred ($100.00) dollars as earn-

est of sale of lots 6 and 7, in block 3, in Perkins sub-division, the purchase price being fifteen hundred and fifty ($1550.00) dollars, upon the perfection of title to Christian Specht.

> "H. C. CRANZ,
> "By J. L. McCAGUE."

On the same day McCague sent a telegram to Cranz informing him of the sale to Specht, and on the following day (March 1) received the following telegraphic dispatch:

" To John L. McCague:

" Sold lot several days ago if parties comply with contract.

> " H. C. CRANZ."

The consideration for the above purchase of Whitehorn and wife not being paid, Cranz, on March 2, 1882, attempted to rescind the contract, and notified his agents, Wood & Broatch, to that effect. On the 4th of that month Specht commenced an action in the district court of Douglas county against Cranz, to restrain him from making a conveyance of said lots to the Whitehorns, and obtained a temporary order of injunction. Thereupon Cranz answered the petition and alleged that he never sold said real estate to Specht, and praying that said injunction be dissolved. In support of the motion to dissolve he filed affidavits of Edward Whitehorn, Fanny Whitehorn, J. S. Wood, and W. J. Broatch, tending to show that the sale of the lots in question was made in good faith. The injunction was thereupon dissolved. The appellant Specht thereafter filed his motion to intervene in this cause as heretofore stated. Afterwards, in November, 1884, a settlement was effected between the Whitehorns and Cranz whereby, upon payment by Broatch to Perkins of the unpaid purchase money, a conveyance was made to Broatch, who conveyed to the Whitehorns.

It will thus be seen that Specht had made no offer to purchase the property in question at the time the White-

horns purchased the same, and that he had notice of the sale to them before the 28th of February, 1882, when he made his proposition to McCague and paid him one hundred dollars. The terms upon which Cranz sold the lots in question to the Whitehorns is not a matter of which the appellant can complain provided the transfer was *bona fide* and not a device to defraud the appellant, of which there is no proof. It is unnecessary to discuss the question of the authority of McCague to enter into the contract in question, as the proof clearly shows that Whitehorn's contract is prior in point of time to that of the appellant, and that he had notice of the same. He is not, therefore, a *bona fide* purchaser.

A purchaser of real estate with notice of a prior contract to convey the same to a third party takes the estate incumbered with the equitable right of the original contractor to a completion of his bargain. *Champion v. Brown*, 6 John. Ch., 402, 403. *Boyd v. Vanderkemp*, 1 Barb., Ch. 273. *Atcherly v. Vernon*, 10 Mod., 518. *Wirged v. Lofebury*, 2 Eq. Cas. Ab., 32. *Taylor v. Stibbert*, 2 Ves. Jun., 437. *Daniels v. Davidson*, 16 Id., 249.

A purchaser with notice is liable to the same equity, and is bound to do that which the person he represents would have been required to do but for the conveyance. In any view of the case, therefore, the appellant, having purchased with notice of the Whitehorn's right in the premises, is not entitled to specific performance, and the decree of the court below is affirmed.

DECREE AFFIRMED.

The other judges concur.